1

Bryan P. Murphy, OSB # 893178
2  murphy@bpmpc.com
Bryan P. Murphy P.C.
3  Custom House
220 NW Eighth Avenue
4  Portland, OR 97209
Telephone: (503) 222-5433
5  Facsimile:  (503) 294-3970

6
Attorneys for Roderich Bott
7
IN THE UNITED STATES DISTRICT COURT
8
FOR THE DISTRICT OF OREGON
9
PORTLAND DIVISION
10

11
RODERICH BOTT                                )   Case No.:
12                                             )
Plaintiff,              )   **COMPLAINT FOR DAMAGES**
13      vs.                                    )
                                               )   **JURY TRIAL DEMANDED**
14  JEFFREY M. EDELSON, an individual;         )
MARKOWITZ, HERBOLD, GLADE &                )
15  MEHLHAF, PC, an Oregon professional        )
corporation; and ROBERT J. MCGAUGHEY,      )
16  an individual.                             )
                                               )
17              Defendants.               )
                                               )
18  _____ )

19
Plaintiff, Roderich Bott, by and through his attorneys of record, demand a jury trial, and
20
allege as follows:
21
**I. <u>PRELIMINARY STATEMENT</u>**
22
1.      This is an action for damages relating to claims for professional malpractice,
23
breach of fiduciary duty, breach of written contract and breach of oral contract.
24
///
25

Page 1 – COMPLAINT                                          BRYAN P. MURPHY, P.C.
                                                               Attorney at Law
                                                                Custom House
                                                            222 NW Eighth Avenue
                                                            Portland, Oregon 97209
                                                                (503) 222-5433

1                               III. <u>JURISDICTION</u>

2          2.        Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C.

3    Section 1332, as the parties are completely diverse in citizenship and the amount of controversy

4    exceeds $75,000.

5          3.        Venue is in the District of Oregon pursuant to 28 U.S.C. Section 1391(b) because

6    a substantial part of the events and omissions giving rise to the claims occurred in this district.

7

8                                  III. <u>PARTIES</u>

9          4.        Plaintiff RODERICH BOTT ("Bott") is an individual, and a citizen of the Federal

10   Republic of Germany.

11         5.        Defendant JEFFREY EDELSON ("Edelson") is an individual. Said defendant is

12   an Oregon licensed attorney, and is an owner and agent of the law firm of MARKOWITZ,

13   HERBOLD, GLADE & MEHLHAF, PC (the "Markowitz Law Firm"). Plaintiff is informed and

14   believes, and based thereon alleges, that at all relevant times herein, said defendant was also an

15   employee of the Markowitz Law Firm. Plaintiff is informed and believes, and based thereon

16   alleges, that said defendant is a citizen of Oregon and a resident of Oregon.

17         6.        Defendant Markowitz Law Firm is an Oregon professional corporation,

18   conducting business in the state of Oregon, and a citizen of Oregon. Said defendant is directly

19   liable for the claims asserted herein, and also liable for defendant Edelson's wrongful conduct

20   under the doctrine of *respondeat superior*.

21         7.        Defendant ROBERT J. MCGAUGHEY ("McGaughey") is an individual. Said

22   defendant is an Oregon licensed attorney. Plaintiff is informed and believes, and based thereon

23   alleges, that he is a citizen of Oregon and a resident of Oregon.

24   ///

25   ///

                                                                    BRYAN P. MURPHY, P.C.
                                                                        Attorney at Law
                                                                         Custom House
                                                                      222 NW Eighth Avenue
                                                                      Portland, Oregon 97209
                                                                         (503) 222-5433

1          ### III. <u>FACTS COMMON TO ALL CLAIMS</u>

2          8.        Bott is one of two owners and members of Dr. Bott LLC, an Oregon limited

3    liability company (the "LLC").

4          9.        Eric W. Prentice (hereafter referred to as "Prentice") is one of two owners and

5    members of the LLC. Pursuant to the LLC's Operating Agreement, Prentice holds the title of

6    "Operating Manager." Pursuant to that Operating Agreement, Prentice is given exclusive and

7    broad management and decision-making authority to make decisions regarding matters relating

8    to litigation, to retain attorneys for the LLC, and to instruct LLC attorneys on courses of action.

9    Such management and decision-making authority is subject to fiduciary duties that Prentice owes

10   to the LLC.

11         10.       On or about November 2011, Prentice retained on behalf of the LLC defendant

12   McGaughey for legal services in connection with *Dr. Bott, LLC and Eric W. Prentice vs. Dr.*

13   *Roderich Bott*, Circuit Court of the State of Oregon, Multnomah County, Case No. 1112-15996

14   (and related counterclaims) (the "Underlying Action")

15         11.       On or about April 2012, Prentice also retained on behalf of the LLC defendants

16   Edelson and the Markowitz Law Firm for legal services in connection with the Underlying

17   Action.

18         12.       Plaintiff is informed and believes, and based thereon alleges, that there exists one

19   or more attorney-client legal services agreements (individually and collectively "Legal Services

20   Agreements"), each of which were entered into on or about the time that each of the defendant

21   attorneys and/or defendant law firms were retained. Such Legal Services Agreements consisted

22   of, among other things, the defendants' agreement to provide legal representation of the LLC in

23   the Underlying Action in exchange for the LLC's agreement to pay for services rendered and

24   costs advanced.

25

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1    13.    As an alternative to the allegations set forth in paragraph 12, plaintiff is informed

2    and believes, and based thereon alleges, that one or more oral agreements existed between

3    plaintiff and each of the defendant attorneys and/or defendant law firms. Plaintiff is informed

4    and believes, and based thereon alleges that the oral agreements were entered into by the LLC

5    and the respective defendant attorneys and/or law firms on or about the same date that each of

6    the defendant attorneys and/or law firms were retained by the LLC. Pursuant to each oral

7    agreement, the LLC agreed to pay for services rendered and costs advanced, in exchange for

8    defendants' legal representation of the LLC in the Underlying Action.

9    14.    All written and oral agreements alleged herein, relating to legal services, were to

10    be performed in the County of Multnomah, State of Oregon.

11    15.    Pursuant to either the Legal Services Agreements, or (if no such written

12    agreement(s) existed) pursuant to oral agreements to perform legal services between the

13    defendants and the LLC, the defendants prosecuted on behalf of LLC a buy-out Complaint

14    against Bott. This buy-out Complaint was part of the Underlying Action.

15    16.    Pursuant to either the Legal Services Agreements, or (if no such written

16    agreement existed) pursuant to oral agreements to perform legal services between the defendants

17    and the LLC, the defendants represented the LLC during the course of a derivative lawsuit filed

18    as counterclaims in the Underlying Action by Bott on behalf of the LLC, against Prentice. The

19    derivative claims were non-frivolous claims against Prentice for breach of fiduciary duty, fraud,

20    conversion and breach of contract.

21    17.    On May 1, 2014, certain creditors of the LLC filed an involuntary bankruptcy

22    petition in U.S. Bankruptcy Court for the District of Oregon. On or before approximately June

23    18, 2014, the bankruptcy estate, through its trustee ("Trustee"), became the holder and owner of

24    claims against third parties, including all claims and rights to recover against the defendants

25    included in and/or related to this lawsuit.

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1   18.    On or about February 25, 2016, the claims asserted herein have been assigned by

2   the Trustee to plaintiff.

3   19.    The tolling of all statute of limitations for all claims asserted herein have been

4   stayed and/or tolled up to October 4, 2013, by the defendants' failure to disclose to the LLC that

5   facts exist that constituted the defendants' breach of their duty of loyalty to the LLC, despite the

6   defendants' legal duty to make such a disclosure earlier.

7   20.    The tolling of all statute of limitations for all claims asserted herein have been

8   further stayed and/or tolled up to January 15, 2013, by the defendants' active concealment from

9   plaintiff of the contents of a certain Joint Interest Agreement and written guarantee as described

10  more fully herein.

11  21.    The tolling of all statute of limitations for all claims asserted herein have been

12  further stayed and/or tolled by operation of federal bankruptcy law, commencing from the time

13  of the filing of the bankruptcy petition until the time that the claims asserted herein have been

14  assigned by the Trustee to plaintiff.

15

16                      **III. <u>CLAIMS</u>**

17                  FIRST CLAIM FOR RELIEF

18              (Legal Malpractice Against all Defendants)

19  22.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

20  paragraphs 1 through 21, inclusive.

21  23.    The defendants and each of them owed a duty to the LLC to do the following: (a)

22  use such skill, prudence, and diligence a member of the legal profession commonly possess and

23  exercise, in providing legal services to the LLC; (b) perform all legal services with due care and

24  diligence; (c) take all reasonable and necessary actions to fulfill their duties of loyalty to the LLC

25  in providing legal services; and (d) act in the LLC's best interests.

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1    24.    Upon the commencement of each of the defendant's legal representation, or

2    shortly thereafter, each of them entered into on behalf of the LLC, and/or ratified and accepted

3    on behalf of the LLC, a Joint Interest Agreement between the LLC and Prentice.

4    25.    Plaintiff, in his capacity as co-owner of the LLC, did not consent to the Joint

5    Interest Agreement, and in fact, did not know of its existence or contents of the Joint Interest

6    Agreement until approximately one year after the commencement of the Underlying Action.

7    26.    During the course of the Underlying Action, defendants permitted the LLC to

8    conduct the litigation of the Underlying Action pursuant to the Joint Interest Agreement, and the

9    defendants took it upon themselves to conduct the litigation of the Underlying Action pursuant to

10    the Joint Interest Agreement in their capacities as attorneys and agents of the LLC.  Additionally,

11    plaintiff is informed and believes, and based thereon alleges, that defendants advised the LLC

12    that they (the defendants) should conduct the litigation of the Underlying Action pursuant to the

13    Joint Interest Agreement on behalf of the LLC.

14    27.    By entering into the Joint Interest Agreement on behalf of the LLC during the

15    course of a derivative lawsuit, the defendants caused and permitted the LLC and Prentice to

16    jointly align their respective interest with each other.

17    28.    By entering into the Joint Interest Agreement on behalf of the LLC during the

18    course of a derivative lawsuit, the defendants placed themselves in a position of representing

19    Prentice's interest, and in a position of representing interests adverse to the LLC.

20    29.    The Joint Interest Agreement gave the defendants the ability to share with

21    Prentice and his attorney the LLC's work product, strategy, evidence, factual and legal analysis,

22    use of experts, information and reports from experts, trial preparation material and analysis, and

23    the LLC's own attorney-client privileged and confidential communications during the course of

24    the Underlying Action. The defendants did, in fact, do those things.  Such acts constituted a

25    conflict of interest, and a breach of the defendants' duty to the LLC.

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1   30. The Joint Interest Agreement gave Prentice the ability to share with the LLC's his

2 (Prentice's) own work product, strategy, evidence, factual and legal analysis, use of experts,

3 information and reports from experts, trial preparation material and analysis, and his (Prentice's)

4 own attorney-client privileged and confidential communications during the course of the

5 Underlying Action. Prentice, though his attorney, did, in fact, do those things.  Once Prentice

6 shared this information and evidence with the defendants, the defendants were contractually

7 bound under the Joint Interest Agreement to maintain its confidentiality.  By maintaining

8 confidentiality, the defendants were affirmatively acting adverse to plaintiff's interest and were

9 no longer placing the LLC in a neutral position as passive litigants during a derivative action.

10 Such acts constituted a conflict of interest, and a breach of the defendants' duty to the LLC.

11   31. Furthermore, during the course of legal representation, the defendants accepted

12 and/or ratified, and advised the LLC to accept and continue to perform, pursuant to a written

13 guarantee that purported to give the LLC unlimited and unconditional liability for Prentice's

14 individual attorney fees, regardless of the nature or proof of allegations against him. Such acts

15 constituted a breach of the defendants' duty to the LLC.

16   32. Because the defendants acted, advised and successfully encouraged the LLC to

17 align the LLC's interest against plaintiff, the defendants prolonged the Underlying Action and

18 continued to bill the LLC for attorney fees. Such acts constituted a breach of the defendants'

19 fiduciary duty to the LLC. This, in turn, caused the LLC to incur continuing legal fees, costs of

20 litigation, costs of labor and use of management resources towards the litigation, loss of equity

21 and loss of market value.

22   33. Because the defendants acted, advised and successfully encouraged the LLC to

23 align the LLC's interest against plaintiff, the defendants enabled the LLC to take actions against

24 the LLC's own interest. Such actions included, but were not limited to the severing an important

25 business relationship between the LLC and Dr. Bott KG during the course of the Underlying

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1  Action.  Such acts constituted a breach of the defendants' duty to the LLC. This, in turn, caused

2  the LLC to lose revenue.

3          34.     Because the defendants acted, advised and successfully encouraged the LLC to

4  align the LLC's interest against plaintiff, the defendants enabled the LLC to take actions against

5  the LLC's own interest. Such actions included, but were not limited to, permitting Prentice and

6  LLC management to continue to receive salary and benefits from the LLC, and use of LLC's

7  funds for Prentice's own legal fees, causing financial damage to the LLC.

8          35.     Because the defendants acted, advised and successfully encouraged the LLC to

9  align the LLC's interest against plaintiff, the defendants enabled the LLC to take actions against

10  the LLC's own interest. Such actions included, but were not limited to, failing to investigate and

11  correct the LLC's tax reporting consistent with GAAP rules and regulations. As a result of this,

12  plaintiff in his capacity as LLC member was unable to sign the LLC's 8804-C form designed to

13  waive Withholding Tax. This, in turn, made it impossible for the LLC to obtain debt relief during

14  the course of its bankruptcy proceedings, causing financial damage to the LLC by making the

15  LLC liable for the Withholding Tax.

16          36.     As a result of the actions alleged herein, on October 4, 2013, the court in the

17  Underlying Action made a finding of fact that the defendants, and each of them, breached their

18  duty of loyalty to the LLC, and ordered that they be disqualified as the LLC's attorney.  Attached

19  as Exhibit "A" is a true and correct copy of the court's Order on Motion to Disqualify.

20          37.     Despite the fact that they were disqualified as the LLC's attorneys, the defendants

21  improperly held themselves out as the LLC's attorneys by subsequently filing and pursuing an

22  appeal purportedly on behalf of the LLC in the proceeding entitled *Dr. Bott, LLC and Eric W.*

23  *Prentice vs. Dr. Roderich Bott*, Court of Appeals, State of Oregon, Court of Appeals No.

24  A155605. The appeal was filed on or about November 20, 2013, even though there was no final

25  judgment to the Underlying Action.  The appeal was summarily dismissed by the appellate court

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1   on or about November 25, 2013. The act of pursing an appeal, and billing and receiving from the

2   LLC money for legal services in connection therewith, constituted a breach of the defendants'

3   duty to the LLC.

4          38.    Despite the fact that they were disqualified as the LLC's attorneys, the defendants

5   continued to improperly hold themselves out as the LLC's attorneys by subsequently filing and

6   pursuing a petition for writ of mandamus purportedly on behalf of the LLC in the proceeding

7   entitled *Dr. Bott, LLC and Eric W. Prentice vs. Dr. Roderich Bott*, Supreme Court, State of

8   Oregon, No. S061779. The petition for a writ was filed on or about November 1, 2013, and it

9   was denied on or about March 14, 2014. The act of pursing a writ of mandamus, and billing and

10  receiving from the LLC money for legal services in connection therewith, constituted a breach of

11  the defendants' duty to the LLC.

12         39.    As a direct result and proximate result of defendants' breach of duties alleged

13  herein, the LLC has incurred damages in the form of legal fees, legal costs, costs for labor and

14  management, loss of equity value of the LLC, loss of sales, loss of brand value and good will,

15  and other financial damages, all in an amount to be proven at trial, and in excess of $75,000.

16         40.    Through the assignment of claims alleged previously, plaintiff is entitled to

17  recover for damages (including court costs of litigation) alleged herein.

18

19                              SECOND CLAIM FOR RELIEF

20                      (Breach of Fiduciary Duty Against all Defendants)

21         41.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

22  paragraphs 1 through 21, paragraphs 24-38 and paragraph 40, inclusive.

23         42.    As a result of the attorney-client relationship, the defendants and each of them

24  owed a fiduciary duty to the LLC to do the following: (a) use such skill, prudence, and diligence

25  a member of the legal profession commonly possess and exercise, in providing legal services to

Page 9 – COMPLAINT

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1    the LLC; (b) perform all legal services with due care and diligence; (c) take all reasonable and

2    necessary actions to fulfill their duties of loyalty to the LLC in providing legal services; and (d)

3    act in the LLC's best interests.

4        43.    By doing the acts alleged herein, the defendants breached their fiduciary duties to

5    the LLC.

6        44.    As a direct result and proximate result of defendants' breach of fiduciary duties

7    alleged herein, the LLC has incurred damages in the form of legal fees, legal costs, costs for

8    labor and management, loss of equity value of the LLC, loss of sales, loss of brand value and

9    good will and other financial damages, all in an amount to be proven at trial, and in excess of

10   $75,000.

11       45.    Plaintiff is informed and believes, and based thereon alleges, that one or all of the

12   Legal Services Agreements contained a provision stating that, in the event that litigation is filed

13   by one of the parties to the Legal Services Agreement in connection with the subject matter of

14   the Legal Services Agreement, the prevailing party shall be entitled to recovery of his or its

15   reasonable attorneys' fees and costs.

16       46.    Through the assignment of claims alleged previously, plaintiff is entitled to

17   recover for the damages, including attorney fees and court costs of litigation, alleged herein.

18

19                            THIRD CLAIM FOR RELIEF

20                   (Breach of Written Contract Against all Defendants)

21       47.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

22   paragraphs 1 through 21, paragraphs 24-38 and paragraph 40, inclusive.

23       48.    The Legal Services Agreements included an implied provision that the defendants

24   would: (a) use such skill, prudence, and diligence a member of the legal profession commonly

25   possess and exercise, in providing legal services to the LLC; (b) perform all legal services with

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1   due care and diligence; (c) take all reasonable and necessary actions to fulfill their duties of

2   loyalty to the LLC in providing legal services; and (d) act in the LLC's best interests.

3        49.    By doing the acts alleged herein, the defendants breached those implied

4   provisions in the Legal Services Agreements.

5        50.    As a direct result and proximate result of defendants' breach of contract alleged

6   herein, the LLC has incurred damages in the form of legal fees, legal costs, costs for labor and

7   management, loss of equity value of the LLC, loss of sales, loss of brand value and good will,

8   and other financial damages, all in an amount to be proven at trial, and in excess of $75,000.

9        51.    Plaintiff is informed and believes, and based thereon alleges, that one or all of the

10   Legal Services Agreements contained a provision stating that, in the event that litigation is filed

11   by one of the parties to the Legal Services Agreement in connection with the subject matter of

12   the Legal Services Agreement, the prevailing party shall be entitled to recovery of his or its

13   reasonable attorneys' fees and costs.

14        52.    Through the assignment of claims alleged previously, plaintiff is entitled to

15   recover for the damages, including attorney fees and court costs of litigation, alleged herein.

16                          FOURTH CLAIM FOR RELIEF

17                    (Breach of Oral Contract Against all Defendants)

18                      (as an alternative to the Third Claim for Relief)

19        53.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

20   paragraphs 1 through 21, paragraphs 24-38 and paragraph 40, inclusive.

21        54.    As an alternative to the Third Claim for Relief, plaintiff alleges that the oral

22   agreement to provide legal services, as alleged herein, included an implied provision that the

23   defendants would: (a) use such skill, prudence, and diligence a member of the legal profession

24   commonly possess and exercise, in providing legal services to the LLC; (b) perform all legal

25

Page 11 – COMPLAINT                                    BRYAN P. MURPHY, P.C.
                                                            Attorney at Law
                                                            Custom House
                                                          222 NW Eighth Avenue
                                                          Portland, Oregon 97209
                                                            (503) 222-5433

1  services with due care and diligence; (c) take all reasonable and necessary actions to fulfill their

2  duties of loyalty to the LLC in providing legal services; and (d) act in the LLC's best interests.

3      55.    By doing the acts alleged herein, the defendants breached those implied

4  provisions of the agreements.

5      56.    As a direct result and proximate result of defendants' breach of contract alleged

6  herein, the LLC has incurred damages in the form of legal fees, legal costs, costs for labor and

7  management, loss of equity value of the LLC, loss of sales, loss of brand value and good will,

8  and other financial damages, all in an amount to be proven at trial, and in excess of $75,000.

9      57.    Through the assignment of claims alleged previously, plaintiff is entitled to

10  recover for damages (including court costs of litigation) alleged herein.

11      WHEREFORE, plaintiff prays for judgment against defendants individually, jointly and

12  severally as follows:

13      1.    For damages in an amount to be proven at trial, such damages in excess of

14  $75,000;

15      2.    For recovery of attorney fees and costs;

16      3.    For prejudgment interest at the legal rate;

17      4.    For post judgment interest at the legal rate;

18      5.    For costs of suit; and

19      6.    For such further relief as this court deems proper.

20  Plaintiff demands a trial by Jury

21

22  Dated: April 14, 2016

23

24                          /s Bryan P. Murphy

25                          Bryan P. Murphy, OSB # 893178
                            Bryan P. Murphy P.C.

Page 12 – COMPLAINT

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Attorneys for Plaintiff
Custom House
220 NW Eighth Avenue
Portland, OR 97209
Telephone: (503) 505-7954
Facsimile:  (503) 294-3970
Email: murphy@bpmpc.com

BRYAN P. MURPHY, P.C.
Attorney at Law
Custom House
222 NW Eighth Avenue
Portland, Oregon 97209
(503) 222-5433

Signed
6/4/13

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| DR. BOTT LLC, an Oregon limited liability company, | Case No. 1112-15996 |
| Plaintiff, | **ORDER ON MOTION TO DISQUALIFY** |
| ERIC W. PRENTICE, | |
| Nominal Plaintiff, | |
| v. | |
| DR. RODERICH BOTT, | |
| Defendant. | |
| DR. RODERICH BOTT, | |
| Defendant, | |
| v. | |
| ERIC W. PRENTICE and DR. BOTT LLC, an Oregon limited liability company, | |
| Plaintiff, | |

PAGE 1 - **ORDER ON MOTION TO DISQUALIFY**

**EXHIBIT A**

1    THIS MATTER came before the Court on defendant Dr. Roderich Bott's Motion to

2  Disqualify the Law Office of Robert McGaughey and Markowitz, Herbold, Glade & Mehlhaf,

3  P.C. from representing plaintiff Dr. Bott, LLC.

4    The Court considered the following:

5    (1)    Defendant's Motion to Disqualify;

6    (2)    Declaration of Katherine R. Heekin in Support of Defendant Dr. Roderich Bott's

7        Motion to Disqualify;

8    (3)    Declaration of Dr. Roderich Bott in Support of Defendant Dr. Roderich Bott's

9        Motion to Disqualify;

10    (4)    Declaration of Larry Vergun in Support of Defendant Dr. Roderich Bott's Motion

11        to Disqualify;

12    (5)    Declaration of Bill Douglas;

13    (6)    Plaintiff Dr. Bott LLC's Response to Defendant Bott's Motion to Disqualify;

14    (7)    Declaration of C. Jeffrey Abbot in Support of Plaintiff Dr. Bott LLC's Response

15        to Defendant Bott's Motion to Disqualify;

16    (8)    Declaration of Mark Balsiger in Support of Plaintiff Dr. Bott LLC's Response to

17        Defendant Bott's Motion to Disqualify;

18    (9)    Declaration of Tiffany R. Couch in Support of Plaintiff Dr. Bott LLC's Response

19        to Defendant Bott's Motion to Disqualify;

20    (10)    Declaration of Robin Gulde in Support of Plaintiff Dr. Bott LLC's Response to

21        Defendant Bott's Motion to Disqualify;

22    (11)    Declaration of Richard M. Layne in opposition to Defendant's Motion to

23        Disqualify Counsel for Dr. Bott, LLC;

24    (12)    Declaration of Stacy R. Owen in Support of Plaintiff Dr. Bott LLC's Response to

25        Defendant Bott's Motion to Disqualify;

26    (13)    Declaration of Eric W. Prentice in Support of Plaintiff Dr. Bott LLC's Response

        to defendant Bott's Motion to Disqualify;

PAGE 2 -  **ORDER ON MOTION TO DISQUALIFY**

**EXHIBIT A**

1    (14)   Declaration of Bradley F. Tellam in Support of Plaintiff Dr. Bott LLC's Response

2            to Defendant Bott's Motion to Disqualify;

3    (15)   Supplemental Declaration of Stacy R. Owen in Support of Plaintiff Dr. Bott

4            LLC's Response to Defendant Bott's Motion to Disqualify;

5    (16)   Reply in Support of Motion to Disqualify;

6    (17)   Supplemental Declaration of Katherine R. Heekin in Support of Motion to

7            Disqualify;

8    (18)   Supplemental Declaration of Dr. Roderich Bott in Support of Dr. Roderich Bott's

9            Motion to Disqualify;

10   (19)   Supplemental Declaration of Lawrence Vergun in Support of Motion to

11           Disqualify;

12   (20)   Supplemental Declaration of Bill Douglas; and

13   (21)   Testimony by Tiffany Couch.

14       The Court heard oral argument and testimony at 9:00 AM on June 10 and 11, 2013, and

15   held an additional hearing for clarification at 11:30 AM on August 30, 2013. Counsel Jeffrey

16   Edelson and Stacy Owen represented Plaintiff Dr. Bott, LLC, Counsel Richard M. Layne

17   represented Plaintiff Eric Prentice, and Katherine Heekin and Larry Vergun represented

18

19   defendant Dr. Roderich Bott.

20       Having heard arguments by counsel and testimony and having reviewed the briefing,

21   testimony, and exhibits thereto related to Defendant's motion and plaintiffs' opposition, the

22   Court makes the following Order:

23
                                      **ORDER**
24

25       Defendant Roderich Bott's Motion to Disqualify is GRANTED. This Court finds that it

26   has the inherent power to disqualify counsel. The Court further finds that Markowitz Herbold

     Glade & Mehlhaf PC and the Law Office of Robert McGaughey have violated their duty of

PAGE 3 - **ORDER ON MOTION TO DISQUALIFY**

THE HEEKIN LAW FIRM
808 SW THIRD AVENUE, SUITE 540
PORTLAND, OR 97204
PHONE: (503) 222-5578
FACSIMILE: (503) 200-5135

**EXHIBIT A**

1  loyalty to its client Dr. Bott LLC.

2      Markowitz Herbold Glade & Mehlhaf PC and the Law Office of Robert McGaughey are

3  disqualified from representing Dr. Bott LLC in this case.

4      DATED this 4 day of October, 2013.

5

6

7

8                                          _____
                                           Alicia A. Fuchs, Circuit Court Judge

9  SUBMITTED BY:

10

11  _____
    Katherine R. Heekin, OSB #944802
    The Heekin Law Firm

12  503-222-5578
    Katherine@heekinlawoffice.com

13  Of Attorneys for Defendant Dr. Roderich Bott

14

15            **CERTIFICATE OF COMPLIANCE WITH UTCR 5.100(1)**
        I hereby certify that I complied with UTCR 5.100(1) with respect to the Order to which

16  this certificate is attached by doing the following:

17      On September 24, 2013, I served opposing counsel with the Order to which this

18  certificate is attached via email and mail, which is no less than 3 days prior to submission of this

19  Order to the court.

20

21      Dated this 3rd day of October, 2013.

22

23                                          _____

24                                          Katherine R. Heekin, OSB #944802
                                           Of Attorneys for Defendant Dr. Roderich Bott

25

26

PAGE 4 - **ORDER ON MOTION TO DISQUALIFY**

**EXHIBIT A**