IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RODERICH BOTT**,

    Plaintiff,

v.

**JEFFREY M. EDELSON et al.**,

    Defendants.

No. 3:16-cv-00636-MO

OPINION AND ORDER

**MOSMAN, J.**,

After oral argument on February 24, 2017, I GRANTED Defendants' Motions for Summary Judgment [12, 14] on the grounds that Plaintiff Bott's claims were precluded by the statute of limitations. Accordingly, I DISMISSED the claims with prejudice [51]. Dr. Bott filed a Motion for Reconsideration [53], to which Defendant McGaughey responded [55] in opposition, and Dr. Bott replied [57].

In his motion, Dr. Bott argues I should reconsider my judgment dismissing his claims for two reasons. First, he argues that I incorrectly applied Oregon law in determining when the claims accrued. Second, he argues that I should allow him to proceed on claims against Defendants based on independent acts that occurred within the two-year statute of limitations. I DENY Dr. Bott's Motion for Reconsideration [53] on the first argument, but I GRANT Dr. Bott's Motion for Reconsideration [53] on the second argument. In any event, I DENY Dr.

1- OPINION AND ORDER

Bott's request to essentially amend his theory of the case to proceed on acts of liability that he argues occurred within the statute of limitations.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) allows a "district court [to] reconsider its grant of summary judgment." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). The district court has discretion in determining whether to grant a motion for reconsideration. *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

Dr. Bott's first argument in support of his motion is based on his assertion that I incorrectly applied Oregon law in determining when his claim accrued. I do not find that this argument meets the standard for reconsideration, and therefore, I deny the motion as to this argument.

In the alternative, Dr. Bott asks me to partially amend the Judgment to allow him to proceed on his legal malpractice claim based on three acts of negligence that he argues are identified in paragraphs 34, 37, and 38 from his Complaint. These acts allegedly fall within the two-year statute of limitations. To be clear, this theory of liability was not raised in Dr. Bott's memorandum in opposition to summary judgment or during oral argument, and I agree with Defendants that it could have been raised. But because I agree that my order dismissing his claims with prejudice would be manifestly unjust if alternative acts of negligence fall within the statute of limitations, I grant reconsideration on this issue only.

As an initial matter, I note that this motion for reconsideration is a result of my having granted summary judgment in favor of Defendants. In their motions, Defendants indeed moved

for summary judgment on all of Dr. Bott's allegations of wrongdoing based on their argument that he failed to prove all of the requirements to state a claim for negligence. Thus, in considering Dr. Bott's motion here, I must determine whether the record supports a finding that there is a genuine dispute of material fact, such that Defendants are not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As explained further below, Dr. Bott has not met his burden of demonstrating, through evidence in the record, that there is an issue of fact regarding the alleged independent acts of negligence, from which a jury could conclude Defendants are liable for legal malpractice.

To prove legal malpractice, a plaintiff must show: (1) a duty runs from the defendant to the plaintiff; (2) a breach of that duty; (3) resulting harm to the plaintiff measurable in damages; and (4) causation. *Stevens v. Bispham*, 851 P.2d 556, 560 (Or. 1993). Dr. Bott is seeking to pursue his malpractice claim on three acts identified in paragraphs 33, 37, and 38 of the Complaint, which he claims in his motion are independent acts of negligence.

> Paragraph 33 of the Complaint states:
>
> Because defendants acted, advised and successfully encouraged the LLC to align the LLC's interest against plaintiff, the defendants enabled the LLC to take actions against the LLC's own interest. Such actions included, but were not limited to the severing of an important business relationship between the LLC and Dr. Bott KG during the course of the Underlying Action. Such acts constituted a breach of the defendants' duty to the LLC. This, in turn, caused the LLC to lose revenue.
>
> Paragraph 37 of the Complaint states:
>
> Despite the fact that they were disqualified as the LLC's attorneys, the defendants improperly held themselves out as the LLC's attorneys by subsequently filing and pursing an appeal purportedly on behalf of the LLC . . . The appeal was filed on or about November 20, 2013, even though there was no final judgment to the Underlying Action. The appeal was summarily dismissed by the appellate court on or about November 25, 2013. The act of pursuing an appeal, and billing and receiving from the LLC money for legal services in connection therewith, constituted a breach of the defendants' duty to the LLC.

3- OPINION AND ORDER

Paragraph 38 of the Complaint states:

Despite the fact that they were disqualified as the LLC's attorneys, the defendants continued to improperly hold themselves out as the LLC's attorneys by subsequently filing and pursuing a petition for writ of mandamus purportedly on behalf of the LLC . . . The petition for a writ was filed on or about November 1, 2013, and it was denied on or about March 14, 2014. The act of pursing a writ of mandamus, and billing and receiving from the LLC money for legal services in connection therewith, constituted a breach of the defendants' duty to the LLC.

According to the allegations in these paragraphs, Dr. Bott seeks to hold Defendants liable under a theory of legal malpractice for (1) causing the LLC to sever a relationship with Dr. Bott during the course of the underlying action in Multnomah County; (2) representing the LLC in appealing the state-court judge's order that disqualified Defendants from representing the LLC; and (3) representing the LLC in seeking a writ of mandamus to review the state-court judge's order that disqualified Defendants from representing the LLC.

Dr. Bott cannot pursue a legal malpractice claim based on the underlying conduct of causing the LLC to sever a relationship with Dr. Bott as alleged in paragraph 33. In his response to Defendants' Motions for Summary Judgment, he explicitly stated that the allegations from paragraph 33 related only to damages. Specifically, they are the damages that he claimed resulted from the alleged disloyalty stemming from the Joint Interest Agreement. It is now too late for Dr. Bott to change his mind and argue that those allegations are now the basis for a negligence claim in and of themselves.

Regarding the remaining allegations, Dr. Bott essentially seeks to change his theory of the case from one focused on liability for the alleged conflict of interest that existed between Defendants and the LLC that allegedly led to their disqualification in state court, to one focusing on acts that Defendants took on behalf of the LLC after they were disqualified. He now alleges the post-disqualification acts were independent acts of negligence, for which Defendants should

be held liable. I agree in the abstract that the allegations in paragraphs 37 and 38 could support a claim for professional negligence. *See Id.* at 561 (explaining that the "gravamen" of professional negligence claims is that "counsel failed in some way to perform counsel's obligations in accordance with the standards of the legal community"). But, as explained below, Dr. Bott's allegations and the facts in the record fail to support a legal malpractice claim.

First, the allegations in paragraphs 37 and 38 could support a theory that Defendants were negligent in failing to perform their obligation to remove themselves from the case after they were disqualified from the underlying litigation. Under this theory, Dr. Bott would have to assert that Defendants were obligated to refuse to represent the LLC in its appeal of the disqualification order and subsequent filing of a writ of mandamus to review the order. The crux of the malpractice claim, then, would stem from Defendants' breach of a duty by continuing to represent the LLC after they had a professional obligation no longer to do so. Dr. Bott would also have to show the LLC was damaged by that breach.

Here, Dr. Bott has not alleged or provided facts showing that Defendants had an obligation to recuse themselves from the appeal or the filing of a writ of mandamus, both seeking to overturn the trial court's disqualification order. Dr. Bott has also not alleged that Defendants acted in a manner that contravened the wishes of the LLC. There are no allegations or facts, for example, to show that the LLC terminated its relationship with Defendants before appealing the disqualification order, or that the LLC directed Defendants not to appeal the order. It is also not reasonable simply to infer the LLC did so without supporting facts.

Separately, the allegations in paragraphs 37 and 38 could support a theory of liability based on an assertion that Defendants provided legal advice to the LLC related to the appeal and the writ of mandamus that was not in accordance with the standards of the profession. The

5- OPINION AND ORDER

LLC's damages, then, would be the legal fees incurred during the appeal and writ of mandamus proceedings. But Dr. Bott has not alleged that engaging in the appeal or writ of mandamus process somehow constituted a failure to perform counsel's legal obligations in accordance with the standards of the legal community. He also has not alleged or provided any facts to show that they somehow gave inadequate legal advice with regard to the appeal or writ of mandamus. In other words, Dr. Bott has not alleged or provided facts to support a showing that Defendants breached a duty, and therefore, he cannot pursue a malpractice claim under this theory.

## CONCLUSION

I GRANT in part and DENY in part Dr. Bott's Motion for Reconsideration [53]. But, for the reasons stated above, I DENY Dr. Bott's request to amend my judgment and allow him to proceed on his legal malpractice claim based on the allegations in paragraphs 33, 37, and 38 of his Complaint.

IT IS SO ORDERED.

DATED this __1st__ day of June, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge